UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRUCO LIFE INSURANCE COMPANY,

      Plaintiff,

v.                                                    Case No:   2:16-cv-906-FtM-38CM

MARK SIEVERS and J.S.,

      Defendants.
_____/

## OPINION AND ORDER[1]

    This matter comes before the Court on the parties' Joint Motion for Order for Distribution and Other Relief (Doc. 35) filed on June 30, 2017.[2]  This matter is ripe for review.

## BACKGROUND

    This interpleader action involves an Individual Life Insurance Policy[3] ("Policy") issued by Pruco Life Insurance Company ("Pruco") to the late Teresa Sievers ("Insured") and the uncertainty surrounding the benefits recipient.  In 2005, Pruco issued the Policy to the Insured for $2,500,000.00.  (Doc. 1-1).  Mark Sievers was the designated sole

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] J.S.'s grandmother, Mary Ann Groves, has been appointed her legal guardian.  *See* (Doc. 30).
[3] Individual Life Insurance Policy Number L1045752.

beneficiary, and J.S., a minor, was the contingent beneficiary. (Doc. 1-1). In 2015, the Insured died, and her death was ruled a homicide. (Doc. 35 at 2). Thereafter, Mark Sievers was charged with first degree murder of the Insured. (Doc. 3 at 2).

That charge is the basis for the uncertainty in this action. Under Florida law, a named beneficiary is not entitled to any benefit under a life insurance policy if he or she unlawfully and intentionally kills the principal. *See* Fla. Stat. 732.802(3). In fact, it is treated as if the killer predeceased the principal. *See id.* Accordingly, if Mark Sievers is found to have forfeited his right, then J.S., the contingent beneficiary, is entitled to the Policy benefits. Because of this potential divergence, Pruco brought this interpleader action against Mark Sievers and J.S.

Now, the parties jointly seek dismissal of this action, a discharge of liability for Pruco, deposit of Policy benefits with a neutral third party, fees for Pruco's attorneys, and a permanent injunction against Defendants "from making any further actual or implied claims . . . against Pruco with respect to the Policy and/or Death Benefit." (Doc. 35 at 3-4). For the reasons stated below, the Joint Motion is granted.

## DISCUSSION

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). A party may bring an interpleader action "under [28 U.S.C. § 1335] or Rule 22 of the Federal Rules of Civil

Procedure." *Fulton v. Kaiser Steel Corp.*, 397 F.2d 580, 582 (5th Cir. 1968).[4]  Here, Pruco, without explicitly stating as such, brought its interpleader action under Rule 22 because § 1335 was not available.[5]  *See* (Doc. 1).  The distinction is important because the "statutes governing § 1335 interpleader actions explicitly permit permanent injunction; the rules governing Rule 22 actions do not." *Life Ins. Co. of N.A. v. Champion*, 7:16-CV-143, 2016 WL 9185288, at *1 (M.D. Ga. Dec. 13, 2016) (citations omitted).  Nonetheless, permanent injunctions are available under a Rule 22 interpleader action. *See Genworth Life Ins. Co. v. Reyes*, 12-20959-CIV, 2013 WL 12140965, at *2 (S.D. Fla. Jan. 4, 2013), *report and recommendation adopted sub nom. Genworth Ins. Co. v. Reyes*, 12-20959-CIV, 2013 WL 12141335 (S.D. Fla. Jan. 29, 2013).  They are simply governed by 28 U.S.C. § 2283 and Rule 65 of the Federal Rules of Civil Procedure.  *Id.*

Because a permanent injunction is available, and all parties stipulate to its language, this Court will grant the parties' request for a permanent injunction.  The Court will also grant the additional relief sought.  Therefore, this Court will dismiss this action once the parties inform it that the Policy benefits have been distributed in accordance with this Order.

Accordingly, it is now

**ORDERED:**

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[5] While Pruco never explicitly alleges that it is proceeding under Rule 22, § 1335 requires a diversity of claimants that does not exist here, as both Mark Sievers and J.S. are citizens of Florida.  (Doc. 1).

Parties Pruco Life Insurance Company, Mark Sievers, and J.S.'s Joint Motion for Order for Distribution and Other Relief (Doc. 35) is **GRANTED**.

(1) Pruco Life Insurance Company shall pay its counsel, d'Arcambal Ousley & Cuyler Burk LLP attorneys' fees in the amount of $15,000.00, representing a portion of the Death Benefit.

(2) Pruco Life Insurance Company shall issue a check to John Thomas Cardillo, Esq. payable to Cardillo, Keith, & Bonaquit Trust Account to be held in trust in an interesting-bearing account pending final resolution of the legal issues forming the basis of this action in the amount of $2,485,402.66, plus applicable interest.

(3) Upon resolution of the legal issues forming the basis of this action, Defendants Mark Sievers and J.S., through her legal guardian, shall apply to a Florida State Court for entry of an order and final determination regarding the distribution of the Death Benefit, or enter into a written agreement regarding such distribution.

(4) Upon dismissal of this action, Pruco Life Insurance Company shall be, and hereby is, discharged from any and all liability to the Defendants and permanently enjoining the Defendants from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the Defendants, jointly and severally, ever had, presently have, or claim or assert to have, or hereinafter have, may

have, or claim to assert to have, against Pruco with respect to the Policy and/or the Death Benefit.

(5) The parties shall notify this Court, in writing, regarding the status of the checks on or before October 23, 2017. Upon notice to the Court that the Death Benefit has been distributed in accordance with this Order, this action shall be deemed dismissed with prejudice, in its entirety, with no further fees and costs to any party.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of September, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record